STATISTICAL INFORMATION ONLY: Debtor must state the number of each of the following items included in the Plan.

_1 Valuation of Security            _0 Assumption of Executory Contract or Unexpired Lease            0_ Lien Avoidance

Last revised: September 1, 2018

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re: Candido Franco Jr.                                                    Case No.: 17-19073

Debtor(s)                                                                    Judge: Papalia

**Chapter 13 Plan and Motions**

☐ Original                            ☑ Modified/Notice Required

☐ Motions Included                    ☐ Modified/No Notice Required        Date: 05/15/2020

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS WILL BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULTS IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: JLM                Initial Debtor: CF                Initial Co-Debtor: ___

## Part 1: Payment and Length of Plan

a. The debtor shall pay $100.00 per Month to the Chapter 13 Trustee, starting on June 1, 2020 for the next 3 months then $600 per Month starting on September 1, 2020 for the remainder 45 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

- [x] Future earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

- [x] Sale of real property
  - Description: 849 Gibbons Court Elizabeth, NJ 072002
  - Proposed date for completion: 08/01/2020
- [ ] Refinance of real property:
  - Description: _____
  - Proposed date for completion: _____
- [ ] Loan modification with respect to mortgage encumbering property:
  - Description: _____
  - Proposed date for completion: _____

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection  [ ] None

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $0.00 |
| DOMESTIC SUPPORT OBLIGATION | | $0.00 |
| NY State Dept of Taxation | Taxes & certain other debts | $7,148.17 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

- [x] None
- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 4: Secured Claims

a. Curing Default and Maintaining Payments on Principal Residence

- [ ] NONE

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Specialized Loan Servicing | 849 Gibbons Court Elizabeth, NJ 07202 Union County | 28,012 | 2.00% | $28,572.83 | $1,438.59 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:**

☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:**

☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid Through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**

☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

e. **Surrender**

☐ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |  |  |
|---|---|---|---|---|---|
| Signature Financial | New York City Taxi Medallion | $550,000.00 | $0.00 |  |  |

f. **Secured Claims Unaffected by the Plan** [ox] NONE
The following secured claims are unaffected by the Plan:

All Taxi Management

g. **Secured Claims to be Paid in Full Through the Plan:**   ☑ NONE

Creditor            Collateral              Total Amount to be Paid Through the Plan

## Part 5: Unsecured Claims
☑ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis of Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases
☑ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions ☑ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).** ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

☑

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Schedule Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☐ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon confirmation
   ☐ Upon discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**
The Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee commissions
   2) Administrative Claims
   3) Secured Claims
   4) Unsecured Claims

d. **Post-Petition Claims**
The Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification  ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being Modified: October 25, 2018.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan being modified to reflect Debtor's intention to sell home. Surrender section of Plan also being modified to reflect the value of the Signature Financial collateral to $550,000.00 as indicated in their 09/06/17 Proof of Claim and reduce their corresponding unsecured claim to $0.00. | Plan now reflects home to be sold by 08/01/2020 under Part 1. |
| Plan is further being modified to extend the term date by 24 months due to Debtor having been negatively impacted by COVID-19. Last, Debtor wishes to sell his home and extract the equity from his home. | Part 4.e. surrender section now increases Signature Financial collateral value to $550,000 and reduces their unsecured portion to $0.00. |
| | Plan term is extended by 2 years with the next 3 months' of payments at $100/month. |
| | Part 1(c) now indicates that Debtor wishes to sell his home. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☑ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, Chapter 13 Plan and Motions, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 05/17/2020                                          /s/ Candido Jose Franco Jr.
                                                          Debtor

                                                          Joint Debtor

Date: 05/17/2020                                          /s/ Javier Merino
                                                          Attorney for the Debtor

United States Bankruptcy Court
District of New Jersey

In re:                                                                   Case No. 17-19073-VFP
Candido Jose Franco, Jr.                                                 Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2        User: admin              Page 1 of 1            Date Rcvd: May 18, 2020
                            Form ID: pdf901          Total Noticed: 14

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 20, 2020.
db          +Candido Jose Franco, Jr.,    849 Gibbons Court,    Elizabeth, NJ 07202-3106
516857188   +All Taxi Management,    41-25 36th Street,    Long Island City, NY 11101-1701
516857189   +NY State Dept of Taxation,    Attn: Bankruptcy/Finance,    PO BOX 5290,    albany, NY 12205-0290
516805016   +Signature Financial,    225 Broadhollow Road,    Melville, NY 11747-4822
516805017   +Specialized Loan Servicing,    8742 Lucent Blvd Ste 300,    Highlands Ranch, CO 80129-2386
516908230   +U.S.. Bank National Association,Trustee(See 410),    c/o Specialized Loan Servicing LLC,
              8742 Lucent Blvd, Suite 300,    Highlands Ranch, Colorado 80129-2386
516805018   +Wells Fargo Bank Card,    Mac F82535-02f,    Po Box 10438,    Des Moines, IA 50306-0438
516805019    Wells Fargo Bank Card,    Credit Bureau Dispute Resoluti,    Des Moines, IA 50306
516995317    Wells Fargo Bank, N.A.,    Wells Fargo Card Services,    PO Box 10438, MAC F8235-02F,
              Des Moines, IA 50306-0438

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov May 18 2020 23:33:04     U.S. Attorney,    970 Broad St.,
              Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 18 2020 23:33:01     United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
              Newark, NJ 07102-5235
516805015    E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 18 2020 23:38:18      Capital One,
              15000 Capital One Dr,    Richmond, VA 23238
516805014   +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com May 18 2020 23:39:25      Capital One,
              Attn: General Correspondence/Bankruptcy,     Po Box 30285,    Salt Lake City, UT 84130-0285
517059558    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 19 2020 09:13:07
              Portfolio Recovery Associates, LLC,    c/o Capital One Bank, N.a.,    POB 41067,
              Norfolk VA 23541
                                                                                              TOTAL: 5

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517634873*     +U.S. Bank National Association Trustee (See 410),    c/o Specialized Loan Servicing LLC,
                 8742 Lucent Blvd, Suite 300,   Highlands Ranch, Colorado 80129-2386
                                                                                   TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 20, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 18, 2020 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    Citibank, N.A., as successor Trustee to U.S.. Bank
               National Association, as Trustee for MASTR Alternative Loan Trust 2006-1, Mortgage Pass Through
               Certificates, Series 2006-1 dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Javier L. Merino    on behalf of Debtor Candido Jose Franco, Jr. jmerino@dannlaw.com,
               notices@dannlaw.com;mdann@dannlaw.com;bflick@dannlaw.com;edwardo@dannlaw.com;9497659420@filings.d
               ocketbird.com;Amy@DannLaw.com
              Marie-Ann Greenberg     magecf@magtrustee.com
              Rebecca Ann Solarz    on behalf of Creditor    Citibank, N.A., as successor Trustee to U.S.. Bank
               National Association, as Trustee for MASTR Alternative Loan Trust 2006-1, Mortgage Pass Through
               Certificates, Series 2006-1 rsolarz@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                              TOTAL: 5